IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| KELVIN A. SPOONER and MELISSA SPOONER, | : : : | CIVIL ACTION NO. 1:16-CV-3754-TWT-JSA |
| Plaintiffs, | : : | |
| v. | : : | |
| WELLS FARGO BANK, N.A., and MCCALLA RAYMER PIERCE, LLC, | : : : | **ORDER AND FINAL REPORT AND RECOMMENDATION ON A** |
| Defendants. | : : | **MOTION TO DISMISS** |

Plaintiffs Kelvin A. Spooner and Melissa Spooner, proceeding *pro se*, originally filed this action on September 2, 2016, in the Superior Court of Rockdale County. On October 7, 2016, Defendant Wells Fargo Bank, N.A. ("Wells Fargo") removed the action to this Court on the ground of federal question jurisdiction, with the consent of defendant McCalla Raymer Pierce, LLC ("McCalla Raymer"). *See* Notice of Removal [1] at ¶¶ 5, 6.

This case represents at least the fifth lawsuit that has reached this Court with regard to Plaintiffs' claims arising out of the foreclosure of their residence. *See Kelvin Spooner v. Wells Fargo Bank, N.A., et al.*, Civil Action No. 1:14-CV-97-TWT, NDGa ("*Spooner I*"); *Kelvin A. Spooner v. Wells Fargo Bank, National Associations (INC), et al.*, Civil Action No. 1:14-CV-3897-TWT-JSA, NDGa ("*Spooner II*"); *Kelvin A. Spooner and Milissa S. Spooner v. Wells Fargo Bank, N.A.,* Civil Action No. 1:15-

CV-3673-TWT-JSA, NDGa ("*Spooner III*"); *Kelvin Spooner v. Wells Fargo Bank, N.A., et al.*, Civil Action No. 1:16-CV-868-TWT-JSA, NDGa ("*Spooner IV*"). In three of those previous cases, the Court dismissed the Plaintiffs' claims as meritless. *See* Order dated February 19, 2014 [8] in *Spooner I*; Report and Recommendation dated August 6, 2015 [19] and Order dated August 31, 2015 [21] in *Spooner II*; Report and Recommendation dated October 26, 2015 [2] and Order dated November 18, 2015 [6] in *Spooner III*. In the fourth case, Plaintiff Kelvin Spooner voluntarily dismissed the case after the Defendants filed motions to dismiss. *See* Voluntary Dismissal dated July 8, 2016 [17] in *Spooner IV*.

This action is now before the Court on "Defendant Wells Fargo Bank, N.A.'s Motion to Dismiss Plaintiffs' Complaint" [2] and "Defendant McCalla Raymer Pierce, LLC's Motion to Dismiss Plaintiffs' Complaint" [5] (collectively "Motions to Dismiss"). Because the doctrine of *res judicata* compels dismissal yet again, the undersigned **RECOMMENDS** that Defendants' Motions to Dismiss [2][5] be **GRANTED**, and that this action be **DISMISSED** in its entirety.

The action is also before the Court on the Plaintiffs' "Motion for Leave to File Amended Complaint" [3] ("Motion for Leave to Amend") and "Motion to Remand and Emergency TRO Request" [4] ("Motion to Remand"). For the reasons discussed below, the Plaintiffs' Motion for Leave to Amend [3] is **DENIED** as moot, and the

undersigned **RECOMMENDS** that the Plaintiffs' Motion to Remand [4] also be **DENIED**.

## I.     PROCEDURAL HISTORY

Plaintiff Kelvin Spooner filed suit in 2013 against Defendant Wells Fargo and others, alleging five causes of action, all of which pertained to an upcoming foreclosure sale of the same property at issue here, that is, 3106 Brians Creek Drive SE, Conyers, Georgia 30013 (the "Property"). In that case, Plaintiff alleged that Defendant Wells Fargo lacked standing to foreclosure because it did not hold the promissory note, did not comply with the terms of its securitization requirements, and because it lacked any security interest in the Property. *See Spooner I* Comp. [1-1] at ¶¶ 53-55. Plaintiff also sought to quiet title to the property based on his claim that Defendant Wells Fargo lacked an enforceable security interest. *Id.* at ¶¶ 74-80. And Plaintiff alleged two counts for fraud based on Defendant's inducement of him into the loan contract in the first place and concealment of certain facts relating to its standing to enforce the power of sale provisions in the Security Deed. *Id.* at ¶¶ 58-73. *Spooner I* was dismissed for failure to state a claim on February 19, 2014. *See* Order dated February 19, 2014 [8] in *Spooner I.*

Plaintiff Kelvin Spooner again sued Defendant Wells Fargo in the Superior Court of Rockdale County, Georgia, on October 31, 2014, which action was

subsequently removed to this Court. *See* Notice of Removal [1] in *Spooner II*. As the undersigned previously described the claims in *Spooner II*:

> Plaintiff does not separately identify his causes of action with supporting allegations. *See generally* Complaint [1-1]. However, Plaintiff makes a blanket statement that seemingly contains all of his claims: "It appears as though agents for Wells Fargo . . . are working in collusion with each other in acts of Wrongful Foreclosure, FRAUD, MISREPRESENTATION, DECEIT, Bank Fraud, Constructive Fraud, Bad Faith, and Lack of Full disclosure against Plaintiff herein." *Id.* at 4, 13-14. In support of these claims, Plaintiff alleges in pertinent part that Defendant misrepresented the terms of the original loan and cannot produce the original promissory note. *Id.* at 5. He seems to allege that Defendant lacks standing to foreclose upon his property because Defendant did not loan money directly to Plaintiff. *Id.* As a result, Plaintiff seeks injunctive relief to stop a foreclosure sale that was scheduled for November 4, 2014, a declaratory judgment "instructing [him] of his rights under the law," the granting of his *lis pendens* lien, treble damages, and attorney's fees. *Id.* at 6-7.

*Spooner II* Report and Recommendation [19] at 15. The undersigned recommended that this case be dismissed on grounds of *res judicata* and, in the alternative, for failure to state a claim, and the District Court subsequently adopted the recommendation and dismissed the case. *See Spooner II* Order [21].

Thereafter, on October 19, 2015, Plaintiffs Kelvin A. Spooner and Milissa S. Spooner filed a Complaint in this Court solely against Defendant Wells Fargo. *See* Comp. [4] in *Spooner III*. In *Spooner III*, the undersigned entered a Report and

Recommendation on October 26, 2015, recommending that all of the Plaintiffs' claims be dismissed as frivolous:

> To the extent Plaintiff once again purports to sue Defendant Wells Fargo under RESPA or TILA relating to this mortgage and/or foreclosure, that claim is meritless and barred by res judicata for all of the reasons previously explained in the rulings in the earlier *Spooner* cases. To the extent Plaintiff purports to sue Wells Fargo in this federal action, based on claims that a Magistrate Judge in Rockdale County issued incorrect rulings in a dispossessory case, that is patently frivolous for any number of reasons, including that the supposed legal authorities cited by Plaintiff are entirely nonsensical. There is also no basis to appeal a county magistrate's dispossessory ruling to federal court, much less in the form of a lawsuit against a private party.

Report and Recommendation dated October 26, 2015 [2] in *Spooner III*. On November 18, 2015, the District Court adopted the Report and Recommendation and dismissed the Plaintiffs' claims as frivolous. *See* Order dated November 18, 2015 [6] in *Spooner III*.

    In the instant action, Plaintiffs Kelvin Spooner and Melissa Spooner [1] filed yet again another lawsuit in the Superior Court of Rockdale County, this time asserting claims against Wells Fargo and the law firm of McCalla Raymer Pierce, LLC. Yet again, Defendant Wells Fargo removed the action to this Court. *See* Notice of Removal [1]. Both Wells Fargo and McCalla Raymer have filed Motions to

---

[1] The Complaint includes Melissa Spooner in the caption, and she appears to have signed the verification. But only Kelvin Spooner actually signed the Complaint itself. *See* Comp. [1-1] at 21-22.

5

Dismiss [2][5]. Plaintiffs have filed a Motion for Leave to Amend [3], and have also filed a Motion to Remand [4].

## II.   FACTUAL ALLEGATIONS

The Complaint is again focused on the Defendants' right to foreclose as to the same property that was at issue in *Spooner I*, *II*, and *III*, that is, 3106 Brians Creek Drive, Conyers, Georgia (the "Property"). *See* Comp. [1-1] at ¶ 1.

On October 19, 2012, an unspecified "Defendant" (presumably McCalla Raymer) sent a demand letter with regard to the mortgage on the Brians Creek residence. *Id.* at ¶ 9. The Complaint also references a foreclosure action that appears to have occurred on November 4, 2014. *Id.* at ¶ 20. The Complaint alleges that an unspecified "Defendant" lacked standing to engage in such foreclosure because of a variety of defects in the "mortgage transaction history," "Chain of Title," lack of possession of the original promissory notes, and other allegedly defective assignments and other instruments. *See id.* at ¶¶ 15-20. In short, Plaintiffs assert a claim of Wrongful Foreclosure based on a variety of theories that all appear to be focused on challenging Wells Fargo's authority and legal right to foreclose on this Property. Plaintiffs also reference "Georgia TILA" violations and "Violation of Georgia FDCPA Statutes," and other difficult to decipher claims, all also premised on the

Defendants' conducting a foreclosure sale on this Property despite not having proper legal standing to do so. *See, e.g., id.* at ¶¶ 69-88.

## III.    DISCUSSION

### A.    *Plaintiffs' Motions*

The Plaintiffs have filed a Motion to Remand [4] and Motion for Leave to Amend the Complaint [3]. The Motion to Remand [4] raises questions as to the Court's subject matter jurisdiction and/or as to whether the Court should exercise its discretion to maintain jurisdiction. This threshold matter must be addressed before any further discussion of the merits of any dispositive motion.

Defendant Wells Fargo removed this case on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331. *See* Notice of Removal [1] at ¶ 6. Whether a claim arises under federal law for purposes of federal question jurisdiction is governed by the "well-pleaded complaint" rule, which provides that federal jurisdiction exists when a federal question is presented on the face of the complaint. *Dunlap v. G & L Holding Group, Inc.*, 381 F.3d 1285, 1290 (11th Cir. 2004). The Court makes this determination, however, in the context of its obligation to interpret this *pro se* Complaint liberally and not rest on the particular labels that the Plaintiffs may have placed on their claims. *See Gooden v. United States*, 627 F.3d 846, 847 (11th Cir. 2010); *Abele v. Tolbert*, 130 Fed.Appx 342, 343 (11th Cir. 2005)

(unpublished) (reversing and remanding a district court's finding of no federal question jurisdiction over a *pro se* complaint when the district court failed to liberally construe the existence of federal claims not otherwise specifically or accurately labeled).

In invoking federal question jurisdiction, Defendant Wells Fargo points to Plaintiff's claims for alleged violations of "Georgia TILA" and "Georgia FDCPA Statutes." *See* Comp. [1-1] at ¶¶ 76-84. Because there are no statutes by such names in the Georgia code, the Defendant logically interpreted these references as federal claims under the Truth in Lending Act, 15 U.S.C. §§ 1641, *et seq.* (commonly abbreviated as "TILA"), and the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* (commonly abbreviated as "FDCPA"). Indeed, despite referring to "Georgia TILA," the Complaint includes express citations to the U.S. Code sections that constitute the federal TILA. *See* Comp. [1-1] at ¶¶ 78-79. The Complaint fails to cite any code sections–from the Georgia or U.S. Code–as part of the FDCPA claim. But as noted above, the Fair Debt Collection Practices Act is a federal (not state) statute. Thus, as the Defendant did in its Notice of Removal, the Court likewise liberally construes the Complaint as asserting claims under the FDCPA and TILA. As a result, Defendant Wells Fargo's removal on federal question grounds was proper.

Plaintiffs, however, have filed a Motion for Leave to File Amended Complaint [3] and an interrelated Motion to Remand [3]. The gist is that Plaintiffs–by way of an Amended Complaint–wish to dismiss any federal claim that may have been asserted by their reference to "Georgia TILA" and to Title 15 of the United States Code. *See* Pl. Mot. to Amend [3] at ¶ 3. As a result, Plaintiffs assert that they "fully intends [sic] to have their complaint adjudicated as state jurisdictional issues." *Id.* at ¶ 2. On the basis of this requested amendment, Plaintiffs have also filed a Motion to Remand [4], arguing among other issues that no federal question would exist after their amendment.[2]

Defendant Wells Fargo opposes Plaintiffs' request to amend, arguing that Plaintiffs' attempted end-around federal jurisdiction would impose prejudices and burdens. As a technical matter, however, Plaintiffs are entitled to amend once as a matter of course, without requesting leave of Court, within 21 days of service of the Defendant's motion to dismiss. *See* FED.R.CIV.P. 15(a)(1). Similarly, Plaintiffs can voluntarily dismiss any claim on their volition–without Court permission–prior to the filing of an answer or summary judgment motion. *See* FED.R.CIV.P. 41(a)(1). The Court, therefore, considers the TILA claim to be voluntarily dismissed.

---

[2] Plaintiff also argues that no diversity jurisdiction exists since both Plaintiffs and one of the Defendants, McCalla Raymer, are Georgia residents. This issue is moot, however, since no Defendant removed on the ground of diversity jurisdiction.

The dismissal of the "Georgia TILA" claim, however, does not necessarily vitiate federal jurisdiction and does not entitle Plaintiffs to a remand. First, the dismissal notice is silent as to the FDCPA claim, which the Court must therefore consider as remaining in place. As noted above, the Defendant logically interpreted this claim as a federal claim, and the Court is obliged to liberally construe it as such, because the FDCPA is a federal, not state, statute. Thus even without the TILA claim, there remains a federal claim on the face of this Complaint at least as liberally construed by the Court.

Second, "the existence of a federal question is determined by the plaintiff's complaint as it stands at the time of removal." *Stone v. Williams*, 792 F.Supp. 749, 753 (M.D.Ala 1992) (citing *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9–10 (1983)). Thus, the subsequent dismissal of federal claims does not vitiate this Court of all jurisdiction. In other words, even if the Plaintiffs' Motion for Leave to Amend could be interpreted as announcing their dismissal of the FDCPA claim too–disposing of all federal claims that appeared on the face of the original complaint–removal was still proper on grounds of federal jurisdiction and this Court is not required to remand.

If all federal claims were disposed of and federal question jurisdiction were no longer to exist, the Court could still continue to exercise supplemental jurisdiction

over the remaining claims under 28 U.S.C. § 1367. The exercise of supplemental jurisdiction in such circumstances is discretionary and normally the Court would decline to exercise supplemental jurisdiction when all of the claims over which it had original jurisdiction have been dismissed. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). Because the Court construes the Complaint as still containing a FDCPA claim, the question as to whether to maintain this case on the basis of supplemental discretion is not ripe.

Even if Plaintiff's Motion for Leave to Amend [3] could be construed as dismissing the FDCPA claim too, however, the Court would nonetheless recommend the exercise of supplemental jurisdiction at least for the limited purposes of considering the Defendants' Motions to Dismiss on grounds of *res judicata*. Exercising supplemental jurisdiction for that limited purpose would not offend the considerations usually counseling in favor of remand, including that "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." *Gibbs*, 383 U.S. at 726. Maintaining jurisdiction at least for the limited purpose of considering the issue of *res judicata* would also further the interests of judicial economy, because this Court is already much more familiar with the procedural

history of these cases and the substance of its own prior rulings than any other court. Thus, the Plaintiffs' Motion to Remand is meritless and should be denied.[3]

Accordingly, the Plaintiffs' Motion for Leave to Amend [3] is **DENIED** as moot, and the undersigned **RECOMMENDS** that the Plaintiffs' Motion to Remand [4] also be **DENIED**.

B.     *Defendants' Motions to Dismiss*

Both Defendants have filed Motions to Dismiss [2][5] under FED.R.CIV.P. 12(b)(6), arguing that the Complaint fails to state a claim on which relief can be granted on the basis of *res judicata* and other arguments.

1.     *Standard on a Motion to Dismiss*

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled

---

[3] Plaintiffs appear to argue that remand was defective for the separate reason that Defendant did not file the entire Superior Court docket, including an allegedly pending motion for temporary restraining order and a bond filed by Plaintiffs. Motion for Remand [4] at 3. This is meritless. As a factual matter, Wells Fargo in response has attached the Superior Court docket and has thereby demonstrated that Plaintiffs filed the TRO motion in Superior Court only *after* removal. *See* Def. Resp. [9] and Attachments [9-1][9-2][9-3]. The Superior Court docket does not reference any bond. *See* Def. Resp. and Attachments [9-1]. In any event, Plaintiffs cite no authority that a technical error or omission in the transmission of the state court file warrants remand, particularly when there is no prejudice. Plaintiffs, after all, have re-filed their TRO motion in this Court [4], and presumably could have a bond transferred if one exists or could re-file it in this Court.

to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A plaintiff, however, may not merely plead facts in a complaint sufficient to find a claim to relief is conceivable; instead, the complaint must set forth "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

When evaluating a motion to dismiss under Rule 12(b)(6), the Court cannot consider matters outside of the pleadings, and must accept the allegations of the non-movant's pleadings as true, but "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S. at 570). Moreover, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted).

*Iqbal* went on to instruct that, while a court must accept all factual allegations in a complaint as true, it need not accept as true legal conclusions recited in a complaint. Repeating that "only a complaint that states a plausible claim for relief survives a motion to dismiss" the Supreme Court advised that "[d]etermining whether

a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'shown'–'that the pleader is entitled to relief.'" *Iqbal,* 556 U.S. at 679 (*quoting* FED. R. CIV. P. 8(a)(2)) (other citations omitted).

Although the Supreme Court requires a plaintiff to allege sufficient facts to state a plausible claim for relief, because Plaintiffs are proceeding *pro se* in this case, the Complaint must be "liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.*; *see also Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008); FED.R.CIV.P. 8(e) ("Pleadings must be construed so as to do justice"). A court may not, however, rewrite inadequate pleadings—including those filed by *pro se* plaintiffs—to plead essential allegations. *See Pontier v. City of Clearwater, Fla.*, 881 F. Supp. 1565, 1568 (M.D. Fla. 1995). Moreover, although a *pro se* complaint is held to less stringent standards than formal pleadings drafted by attorneys, "the Court need not accept as true legal conclusions or unwarranted factual inferences." *Montgomery v. Huntington Bank*, 346 F.3d 693, 698 (6th Cir. 2006). Nothing in the leniency

14

accorded a *pro se* filing excuses a plaintiff from compliance with threshold requirements of the Federal Rules of Civil Procedure. *See Trawinski v. United Technologies*, 313 F.3d 1295, 1297 (11th Cir. 2002).

As noted above, a court ordinarily cannot consider matters outside the pleadings when evaluating a motion to dismiss under Rule 12(b)(6), but when a plaintiff has referred to documents in the complaint and such documents are central to the plaintiff's claims, a court may consider those documents as part of the pleadings in the case and may consider them in resolving a Motion to Dismiss. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) ("where the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the court may consider the documents part of the pleadings for the purposes of Rule 12(b)(6) dismissal").

Moreover, the Eleventh Circuit has made it clear that when a plaintiff attaches exhibits to a complaint and the exhibits contradict the allegations of the complaint, the exhibits control. *See Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1205-06 (11th Cir. 2007).

> Our duty to accept the facts in the complaint as true does not require us to ignore specific factual details of the pleading in favor of general or conclusory allegations. Indeed, when the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern.

*Id.*; *see also Associated Builders, Inc. v. Ala. Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974)[4] ("Conclusory allegations and unwarranted deductions of fact are not admitted as true, especially when such conclusions are contradicted by facts disclosed by a document appended to the complaint. If the appended document, to be treated as part of the complaint for all purposes under Rule 10(c), Fed.R.Civ.P., reveals facts which foreclose recovery as a matter of law, dismissal is appropriate.") (citation omitted).

In this case, the Plaintiffs attached a large number of exhibits to the Complaint, all of which are considered as part of the factual allegations in the case. *See* Comp. and attachments [1-1] at 26-97. Defendant Wells Fargo has also attached various deeds and powers of attorney relating to the property and the mortgage at issue. *See* Def. Ex. [2-2]-[2-6]. Some of these documents appear to be duplicative of material filed by the Plaintiff and none of it is strictly necessary to adjudicate the viability of the Complaint. Wells Fargo has also attached various orders and other filings from *Spooner I* and *Spooner II* and other legal proceedings. *See* Def. Ex. [2-7]-[2-15]. As undisputed, authentic court records, the Court takes judicial notice of these materials for purpose of considering Defendants' *res judicata* defense. *See Universal Express*

---

[4] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*) the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit rendered prior to October 1, 1981.

*Inc., v. S.E.C.*, 177 F. App'x 52, 53 (11th Cir. April 18, 2006) ("A district court may take judicial notice of certain facts without converting a motion to dismiss into a motion for summary judgment. Public records are among the permissible facts that a district court may consider.") (citations omitted); *Stahl v. U.S. Dep't of Agric.*, 327 F.3d 697, 700 (8th Cir. 2003) ("The district court may take judicial notice of public records and may thus consider them on a motion to dismiss.").

 C. *Res Judicata*

 The Defendants argue that *res judicata* bars Plaintiffs' claims in this case. Under the principle of *res judicata*, or claim preclusion, a final judgment on the merits in a civil action operates to preclude a party, or those in privity with that party, from re-litigating in a subsequent proceeding issues that were or could have been raised in the original action. *Federated Dep't Stores, Inc., v. Moitie*, 452 U.S. 394, 398 (1981); *see Pleming v. Universal-Rundle Corp.*, 142 F.3d 1354, 1356 (11th Cir. 1998). The doctrine is "a rule of fundamental and substantial justice, of public policy and of private peace," operating to protect defendants against duplicative litigation over the same claims, and accordingly, may not be overridden based on equitable considerations. *Federated Dep't Stores,* 452 U.S. at 401 (internal quotation omitted). "The doctrine of *res judicata* is one of finality, providing that a final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the

17

rights and responsibilities of the parties and their privies. As to the parties in the prior proceeding and their privies, res judicata constitutes an absolute bar to a subsequent judicial proceeding involving the same cause of action." *Baptiste v. IRS*, 29 F.3d 1533, 1539 (11th Cir. 1994).

Federal courts apply state law to questions of *res judicata*. *N.A.A.C.P. v. Hunt*, 891 F.2d 1555, 1560 (11th Cir. 1990). In Georgia, the doctrine of *res judicata* applies if the following four elements are present: (1) there is a final judgment on the merits in the first action; (2) the first decision was rendered by a court of competent jurisdiction; (3) the parties to both actions, or those in privity with them, are identical; and (4) the causes of action in both suits are identical, or the claims asserted in both suits arise out of the same events or the same nucleus of facts. *Laskar v. Peterson*, 771 F.3d 1291, 1300 (11th Cir. 2014); *Pleming*, 142 F.3d at 1356-57. Significantly, *res judicata* does not bar only those claims actually raised in the first suit; it also bars those claims which the plaintiff could have raised in the prior suit, if those claims arise out of the same transactions or events at issue in the prior suit. *See O'Connor v. PCA Family Health Plan, Inc.*, 200 F.3d 1349, 1355 (11th Cir. 2000). A court may consider the defense of *res judicata* in a motion to dismiss filed pursuant to Rule 12(b)(6) when the existence of the defense can be judged from the face of the complaint. *Starship Enter. of Atlanta, Inc. v. Coweta Cnty.*, 708 F.3d 1243, 1253 n.13 (11th Cir. 2013).

The court may also take judicial notice of another court's orders in doing so. *See Tuscano v. Evening Journal Assoc.*, 179 F. App'x 621, 623 n.3 (11th Cir. 2006).

Defendants in this case argue that all of the Plaintiffs' claims are barred on grounds of *res judicata*. Notably, Plaintiffs do not specifically address this argument and make no assertion as to how or why their claims should survive in light of the prior dismissals in *Spooner I* and *II*.

The Court agrees that all claims in this Complaint are barred. First, *Spooner I* was dismissed on the merits by a Court of competent jurisdiction as explained in the dismissal order, and as *Spooner II* further explained in detail. Second, the claims in this case are identical to, or at least arise out of the same transaction or event as those in the prior lawsuits. Specifically, this Complaint continues to focus on allegations that Defendant Wells Fargo lacked standing to foreclose on the Property because of various alleged defects in the mortgage process, in subsequent assignments, in maintaining custody of the original promissory note, and other related problems. This is all a rehash–and in many respects a verbatim repeat–of arguments previously brought and dismissed in *Spooner I.* To the extent there is anything arguably new, it would all clearly relate to the same common transaction or series of transactions, that is, the mortgage, the execution of mortgage-related documents, the assignments of notes and security interests, and ultimately the foreclosure activity beginning in

19

October 2012, and there is no reason any such claims or arguments could not have been brought in *Spooner I*.

The question of privity of the parties requires a small amount of discussion, because neither Defendant McCalla Raymer nor Plaintiff Melissa Spooner was a party in *Spooner I*.[5] However, "'Privity' is a flexible legal term, comprising several different types of relationships and generally applying when a person, although not a party, has his interests adequately represented by someone with the same interests who is a party." *E.E.O.C. v. Pemco Aeroplex, Inc.*, 383 F.3d 1280, 1286 (11th Cir. 2004). In this action, Kelvin and Melissa Spooner purchased the Property and took out the mortgage as husband and wife, co-borrowers and joint tenants. *See* Comp., Ex. A [1-1] at 27. Accordingly, they are in privity for purposes of *res judicata*. *See Graham v. CitiMortgage*, No. 1:14-CV-1476-AT, 2014 WL 12360943, *3 (N.D.Ga. September 23, 2014); *Cuauhtli v. Chase Home Finance, LLC*, 308 Fed.Appx. 772 (5th Cir. 2009) (unpublished) (borrower's claims were barred by *res judicata* on the basis of dismissal of prior lawsuit brought by co-borrower, his wife, because privity existed in such circumstances); *Bradley v. Armstrong Rubber Co.*, 130 F.3d 168, 178–179 (5th Cir. 1997) (trespass claim relating to property brought by wife barred by *res judicata* on

---

[5] The Court assumes Melissa Spooner to qualify as a "party" in this case although technically she is not a signatory to the Complaint itself and does not appear to have signed the motions or responses purported filed by Plaintiffs.

the basis of dismissal of prior lawsuit brought by the co-owner/ husband, because "tenants by the entirety are in privity.") Similarly, McCalla Raymer and Wells Fargo are in privity because "a foreclosure law firm and the bank it represented were in privity for *res judicata* purposes." *Graham,* 2014 WL 12360943, *4 (*citing McCulley v. Bank of America*, N.A., No. 13–0620–CG–N, 2014 WL 2094021).

Accordingly, because this case must be dismissed on *res judicata* grounds, the undersigned **RECOMMENDS** that the Defendants' Motions to Dismiss [2][5] be **GRANTED** and that this case be **DISMISSED** in its entirety.[6]

## IV.    CONCLUSION AND RECOMMENDATION

For the reasons discussed above, **IT IS RECOMMENDED** that Defendants' Motions to Dismiss [2][5] be **GRANTED** and that this case be **DISMISSED** in its entirety.

---

[6] Because dismissal is clearly warranted on this ground, the Court does not comment in detail on Defendants' alternative arguments for dismissal for failure to state a claim on the merits. The Court simply notes that Plaintiffs' claims are all premised on Wells Fargo's alleged invalid standing to foreclose in light of alleged defects in the chain of assignments, its lack of possession of the original promissory note, and other arguments that have been roundly rejected by federal and state courts. *See You v. JP Morgan Chase Bank*, 743 S.E.2d 428, 431 (Ga. 2013); *Montgomery v. Bank of Am.*, 740 S.E.2d 434, 438 (Ga. 2013); *Haynes v. McCalla Raymer LLC*, 793 F.3d 1246, 1251 (11th Cir. 2015). To the extent necessary to reach the merits, the Court would recommend dismissal on this ground as well.

**IT IS FURTHER RECOMMENDED** that the Plaintiffs' Motion to Remand [4] be **DENIED**. The Plaintiffs' Motion for Leave to Amend [3] is **DENIED** as moot.

As this is a Final Report and Recommendation, there is nothing further in this action pending before the undersigned. Accordingly, the Clerk is **DIRECTED** to terminate the reference of this matter to the undersigned.

**IT IS SO ORDERED and RECOMMENDED** this 7th day of February, 2017.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE